131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SAMSUNG ELECTRONICS AMERICA, INC., Plaintiff-Appellee,
v.
PHASE X SYSTEMS, INC., Oregon Corporation, Wyse Technology,
Inc., Defendants
and
Chong C. LEE, Jack DUNCAN, Defendants-Appellants.
 No. 96-35994.
 United States Court of Appeals, Ninth Circuit.
 Nov. 20, 1997.
 
 Appeal from the United States District Court For the District of Oregon, Nos. CA 96-35994, and DC CV-95-00350-BJF; Helen J. Frye, District Judge, Presiding.
 Before: CANBY, T.G., NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chong Lee and Jack Duncan, owners of Phase X Corporation, guaranteed to Samsung Corporation "the payment by Phase X of $200,000 of the $400,000 payment" that Phase X owed to Samsung. Phase X went on to pay only $199,953 to Samsung. Samsung sued Lee and Duncan for $200,000, claiming they had agreed to pay up to $200,000 of any part of the $400,000 that Phase X failed to pay. Lee and Duncan countered that their guarantee was limited to the first $200,000 that Phase X owed, and therefore they now owed only $47. The district court found the contract was unambiguous and granted Samsung's motion for summary judgment. We reverse.
 
 
 3
 The parties' guarantee agreement provides that Oregon law controls its interpretation. Under Oregon law, a contract is ambiguous if it is "capable of more than one sensible and reasonable interpretation." Deerfield Commodities, Ltd. v. Nerco, Inc., 696 P.2d 1096, 1104-05 (Or.App.1985). The court determines whether the contract is ambiguous. Abercrombie v. Hayden Corp., 883 P.2d 845, 853 (Or.1994). It may look to extrinsic evidence in doing so. Id. If the contract is not ambiguous, or if it is but the parties do not introduce extrinsic evidence, interpretation of its terms is a task for the court." Pacific First Bank v. New Morgan Park Corp., 876 P.2d 761, 764-65 (Or.1994). If the contract is ambiguous and the parties do introduce extrinsic evidence, interpretation becomes a task for the jury. May v. Chicago Ins. Co., 490 P.2d 150, 153 (Or.1971). We review de novo questions of law and grants of summary judgment. Adams v. Burlington N. R.R. Co., 80 F.3d 1377, 1380 (9th Cir.1996).
 
 
 4
 Lee and Duncan agreed "to guarantee the payment by Phase X of $200,000 of the $400,000 payment" that Phase X owed to Samsung. The agreement also provided that Samsung "may recover on this guarantee at any time payment of $200,000 or less of the $400,000 is delinquent and unpaid." Neither of these provisions clearly commits Lee and Duncan to cover (up to $200,000) a payment shortfall for the entire $400,000 debt, rather than just a shortfall in the first $200,000 owed.
 
 
 5
 Indeed, we are strongly inclined to accept Lee and Duncan's interpretation of the contract. Lee and Duncan did not simply guarantee to pay $200,000 of the $400,000. Rather, the agreement states that they "guarantee the payment by Phase X of $200,000 of the $400,000." (Emphasis added.) In other words, Lee and Duncan only guaranteed that Phase X would pay $200,000. This formulation suggests that once Phase X paid $200,000, the guarantee was satisfied, and any payment short of that sum would be deducted from Lee and Duncan's obligations. Further support for this conclusion is supplied by section 2(iv) of the agreement, which provides that Phase X's previous payment of $59,281.01 shall be "credited against the $200,000 guarantee amount." The Phase X payment reduced Lee and Duncan's liabilities, even though Phase X still owed more than $200,000, thereby suggesting the guarantee was limited to the first $200,000 owed.
 
 
 6
 Lee and Duncan, however, do not, argue for summary judgment in their favor on appeal. Rather, they contend only that the contract is ambiguous. Because we do not agree that the evidence clearly supports Samsung's interpretation of the agreement, we reverse the district court's finding to that effect. On remand, the parties may introduce extrinsic evidence as to their intent. If they do so, the district court shall redetermine whether the contract is ambiguous. If it is, the question of the parties' intent may go to the jury. In all other circumstances, the district court shall further interpret the contract in a manner consistent with this memorandum disposition.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3